UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

LORI ANN YACK,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

_____/

Hon. Jane M. Beckering

Case No. 1:20-cv-1230

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff counsel's Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act (ECF No. 23) and the parties' Stipulation for Allowance of Fees Under the Equal Access to Justice Act, (ECF No. 25). On June 3, 2022, the Court remanded this matter to the Commissioner for further administrative action pursuant to sentence four of 42 U.S.C. § 405(g). Plaintiff's counsel now seeks $4,850.00 in fees. Defendant has stipulated to the amount requested. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that counsel's motion (ECF No. 23) be granted and the parties' stipulation (ECF No. 25) be denied as moot.

Pursuant to the Equal Access to Justice Act (EAJA), the prevailing party in an action seeking judicial review of a decision of the Commissioner of Social Security may apply for an award of fees and costs. See 28 U.S.C. § 2412(d)(1)(A). While a prevailing party is not entitled, as a matter of course, to attorney fees under the

EAJA, *see United States v. 0.376 Acres of Land*, 838 F.2d 819, 825 (6th Cir. 1988), fees and costs are to be awarded unless the Court finds that the Commissioner's position was "substantially justified" or that "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

The Court finds the number of hours expended in this matter, as well as the hourly rate requested, to be reasonable. Accordingly, the undersigned recommends that EAJA fees be awarded in the amount of four thousand, eight hundred fifty dollars ($4,850.00). But, in light of the Supreme Court's decision in *Astrue v. Ratliff*, 560 U.S. 586 (2010), this order awarding EAJA fees must be entered in Plaintiff's favor. *Id.* at 591-93; *see also*, 28 U.S.C. § 2412(d)(1)(A) (the EAJA awards fees "to a prevailing party"); *Kerr v. Commissioner of Social Security*, 874 F.3d 926, 934-35 (6th Cir. 2017) (reaffirming that *Astrue* requires EAJA fees to be paid to the claimant).

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that the parties' Stipulation for Allowance of Fees Under the Equal Access to Justice Act (ECF No. 25) be denied as moot. The undersigned further recommends that Plaintiff Counsel's Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act (ECF No. 23) be granted. Specifically, the undersigned recommends that Plaintiff be awarded four thousand, eight hundred fifty dollars ($4,850.00) pursuant to the EAJA and that such be paid directly to Plaintiff.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within such time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                Respectfully submitted,

Date: September 29, 2022        /s/ Phillip J. Green
                PHILLIP J. GREEN
                United States Magistrate Judge